**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4747**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM EDWARD RUTZLER,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:15-cr-00098-CCE-4)

Submitted:  October 18, 2016      Decided:  October 20, 2016

Before WILKINSON, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Edward Rutzler pled guilty, pursuant to a written plea agreement, to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). The district court sentenced Rutzler to 84 months' imprisonment, a sentence at the bottom of the applicable Sentencing Guidelines range. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the indictment properly alleged the charged offenses, whether Rutzler's plea was knowing and voluntary, and whether Rutzler was properly sentenced. Although notified of his right to do so, Rutzler has not filed a pro se brief.

We detect no flaws in Rutzler's indictment. Moreover, "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." United States v. Smith, 640 F.3d 580, 591 (4th Cir. 2011) (brackets and internal quotation marks omitted). As discussed below, Rutzler's guilty plea was valid and thus any nonjurisdictional challenges to the indictment have been waived.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and

2

determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2)-(3); DeFusco, 949 F.2d at 119-20.

Because Rutzler did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Rutzler] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." Id. at 816. In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates "a reasonable probability that, but for the error, he would not have pleaded guilty." Id.

Our review of the record reveals that the district court satisfied all requirements of Rule 11 and ensured that Rutzler's guilty plea was knowing and voluntary. Accordingly, we conclude that the district court did not err in accepting Rutzler's guilty plea.

3

We review the reasonableness of a sentence for abuse of discretion. United States v. Martinovich, 810 F.3d 232, 242 (4th Cir. 2016). We must first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. United States v. Dowell, 771 F.3d 162, 170 (4th Cir. 2014). "Upon a finding of a procedural error, the error shall be subject to harmlessness review." Martinovich, 810 F.3d at 242. The district court informed Rutzler of his right to appeal, but failed to inform him that he could seek leave to proceed in forma pauperis on appeal, as required by Federal Rule of Criminal Procedure 32(j). However, this minor omission was harmless, as it neither impacted the sentencing process nor hindered Rutzler's timely filing of an appeal.

If the sentence is free of significant procedural error, we examine the substantive reasonableness of the sentence, taking into account "the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United

4

States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014) (internal citation omitted). We conclude that Rutzler has failed to overcome the presumption of substantive reasonableness accorded to his within-Guidelines sentence. The district court did not abuse its discretion in sentencing Rutzler.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Rutzler's conviction and sentence. This court requires that counsel inform Rutzler, in writing, of the right to petition the Supreme Court of the United States for further review. If Rutzler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rutzler.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED